## UNITED STATES

v.

**Sammueal W. HURD, Jr., 426 04 4197, Mess Management Specialist Seaman (E–3), U. S. Navy.**

### NCM 79 0595.

U. S. Navy Court of Military Review.

Sentence Adjudged 11 Jan. 1979.

Decided 25 Sept. 1979.

LT P. B. Haskel, JAGC, USN, Appellate Defense Counsel.

CAPT Craig L. Kemmerer, USMCR, Appellate Government Counsel.

Before BAUM, Senior Judge, and PRICE and MICHEL, JJ.

BAUM, Senior Judge:

Appellant challenged the court's jurisdiction over him at trial, citing *United States v. Russo*, 23 U.S.C.M.A. 511, 50 C.M.R. 650 (1975). He testified that he enlisted on the promise that he would go to hospitalman "A" school. Appellant was sworn into the U. S. Naval Reserve (delayed entry program) on 21 June 1977 with the understanding that he would enlist in the Regular Navy when it was time to come on active duty for the promised schooling. When that time arrived, 24 July 1977, he was discharged from the reserves and enlisted in the Regular Navy, but he was told that he was now scheduled for mess management school rather than hospitalman. When appellant complained, about the change of schools, he was informed that it was too late and that he was now in the Navy for better or worse. Believing he had

no choice, he reported to recruit training against his will and raised the matter again, to no avail; he was merely told that he would have to talk to a lawyer about it.

In support of his jurisdictional assertions at trial, appellant submitted an enlistment paper which shows the mess management rating added as a choice after appellant signed the document. A service record entry reflecting enlistment in the school guarantee program was also admitted in evidence and it shows "MS" typed in over an erased entry that started with an "H". Two petty officers who were Navy liaison and enlisted classifiers at the Armed Forces Enlistment Examining Station, and who had worked on appellant's enlistment, were called by the Government to counter appellant's assertions. Neither recognized the appellant, who had been enlisted a year and a half earlier. Rather than testifying as to what they remembered about *appellant's* enlistment, they interpreted the documents in evidence and testified concerning their standard practice.

In fulfillment of our independent duty to evaluate the evidence and determine the facts, we have carefully weighed the testimony and the documentary evidence. We find the appellant's testimony credible and supported by the enlistment papers. Furthermore, we are unpersuaded by the Government witnesses. We believe the appellant was fraudulently enlisted, that he was told he would be a hospitalman, and that his papers were changed to reflect enlistment as a mess management specialist without his knowledge. We find that his enlistment was involuntary and void. Moreover, the Government, by its failure to take any action when appellant challenged his enlistment, is estopped from asserting a constructive enlistment. *United States v. Brown*, 23 U.S.C.M.A. 162, 48 C.M.R. 778 (1974). The findings of guilty and sentence are set aside. The charge and specifications are dismissed.

Judge PRICE and Judge MICHEL concur.