**UNITED STATES**

v.

**Michael R. JARRELL, 573 33 7395, Private First Class (E–2), U. S. Marine Corps.**

**NMCM 81 0832.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 6 Aug. 1980.

Decided 11 Feb. 1982.

**918**

LCDR Kerry T. Davidson, JAGC, USN, Appellate Defense Counsel.

LT Georgia L. Winstead, JAGC, USNR, Appellate Defense Counsel.

LT Darrell M. Grams, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and SANDERS and MAY, JJ.

MAY, Judge:

Contrary to his pleas, appellant was convicted of an unauthorized absence of approximately seven months at a special court-martial and sentenced by the military judge to be confined at hard labor for 3 months, to forfeit $298.00 per month for 3 months, to be reduced to pay grade E–1, and to be discharged from the Marine Corps with a bad-conduct discharge.

Appellant assigns two errors. We find no merit in either assignment, but believe it necessary to address in this opinion, the appellant's jurisdictional challenge raised at trial and presented here as the first assignment of error.

## THE COURT LACKED PERSONAL JURISDICTION OVER APPELLANT.

During the motion stage of the trial prior to entering pleas, appellant moved to dismiss the charge and specification, challenging the assertion of *in personam* court-martial over him. The salient issue raised by appellant was validity of his enlistment contract. Appellant did not repeat the frequently asserted claims of recruiter misconduct under the concepts of *United States v. Russo*, 1 M.J. 134 (C.M.A.1978), or the coercion elements of *United States v. Catlow*, 23 U.S.C.M.A. 142, 48 C.M.R. 758 (1974).

Instead, trial defense counsel raised the logical extension of the contract law principles engrafted onto military enlistment contracts by *Russo, supra,* and its progeny. Evidence was offered by appellant, in support of his motion, that during the preliminary contacts with recruiting officials, he was first verbally promised that he could enlist in the Marine Corps with a guaranteed assignment in a "ground support" occupational specialty and that he would not face the prospect of assignment to the combat arms of infantry, armor, or artillery. Whatever the source of such motivation for a young man contemplating donning the forest green garb of the Corps, this career field guarantee supposedly was reduced to the standard written terms of enlistment contract documents. Appropriate execution of signatures by appellant and recruiting officials was apparently accomplished on the documents, and the oath

of enlistment was taken. Appellant then embarked on his enlistment, completed recruit training and then found himself securely placed within the ranks of a Marine artillery battery with an assigned occupational specialty of Field Artillery Batteryman. Appellant expressed at trial, and we judicially note, that Marine Corps field artillery batteries do not fall within the relatively more peaceful occupational areas defined as "ground support."

Trial counsel, in her argument on the motion, cited the November 1979 amendments to Article 2, Uniform Code of Military Justice, 10 U.S.C. § 802, the change of status concepts of *In re Grimley*, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636 (1890), and the indicia of constructive enlistment elicited from appellant during cross-examination. Trial defense counsel, as earlier noted, specifically rejected any reliance on recruiter misconduct and instead attacked the enlistment contract's viability from the standpoint of voluntariness. We note, initially, that the November 1979 amendments to Article 2 are inapplicable in this case. *See United States v. Marsh*, 11 M.J. 698, 711, n.15 (N.M.C.M.R.1981). Appellant's trial and appellate counsel attach great weight to the decision in *United States v. Hurd*, 8 M.J. 555 (N.C.M.R.1979). Appellant's position, both at trial and now, is that his enlistment contract was rendered void by the misrepresentation of Marine Corps officials at the time of the contractual formulation between appellant and the recruiting personnel actually involved in appellant's recruitment. The essence of the misrepresentation, in appellant's view, is the alleged false promise to appellant at the time of his enlistment, and apparently incorporated in the terms of his enlistment contract, that he would be assigned to a ground support occupational field. Trial defense counsel objected to the admission of the enlistment contract offered by the Government at trial because it apparently was not complete, in that integral pages were missing. The military judge overruled the objection and while we feel a better practice would have required some determination of the content of the missing pages, we find no prejudice accrued to appellant. We will accept, because of the significance of the issue presented, appellant's assertions at trial, that the executed enlistment documents contained an explicit contractual promise by the Government to assign the appellant to a ground support occupational specialty upon the completion of recruit training.

Does our finding thus, of a written contractual provision that was not honored, render appellant's contract involuntary and void?

We reject any such expansive interpretation of the narrow factual basis of the *Hurd* decision. In view of that case's assumed relevance to the recruitment process and linkage to the jurisdictional powers of courts-martial, we feel it necessary to address the specific parameters of the *Hurd* decision.

In that case, Seaman Hurd challenged the jurisdictional power of the court over his person and contended that his enlistment contract was rendered void by the fraudulent conduct of recruiting officials.

Specifically, evidence was offered by Hurd that his enlistment application DD 1966, and Annex A to his enlistment contract had been fraudulently altered after he had signed those documents. The alteration resulted in those documents reflecting enlistment for a school guarantee to Mess Management School contrary to Hurd's earlier execution of the same documents then reflecting assignment to Hospitalman "A" School. Hurd contended in his motion that he protested the unauthorized change to his contract immediately prior to departure for recruit training when he first became aware of the alteration, but was advised his protestations were to no effect, and that he was in the Navy for better or worse.

The Government's evidence in response to Hurd's contentions was in the form of testimony by the recruiters as to their standard operating procedures. The trial judge denied Hurd's motion and he was ultimately convicted and sentenced for two specifications of unauthorized absence. This Court,

**920**

however, in carrying out its statutory responsibility under the Code, and after reviewing the evidence reflected in the record, disagreed and found in favor of Hurd. Senior Judge Baum, in his opinion, found that there had been fraudulent actions by recruiting officials specifically related to the alteration of the enlistment application and school guarantee documents. This specific finding, in the view of the Court, necessitated a finding that the contract upon which the Government relied for its jurisdictional assertions was a document lacking any validity, given its fraudulently altered state, and could not be considered to represent under any definition, a voluntary expression of assent by Hurd, to its conditions. This Court, therefore, found Hurd's enlistment to be "involuntary and void," *Hurd, supra* at 556, set aside the findings of guilty, and ordered the Charge and specifications dismissed.

The decision in *Hurd,* contrary to the contentions of appellant in the case, *sub judice,* did not establish a new or separate body of contract law analysis applicable to enlistment contracts. Its application was valid only within the narrow set of circumstances present in that case.

In this case, we view the Government and the appellant as being parties to an enlistment contract that contained some contractual assurances of assignment to the combat support field. A failure on the part of the Government, if such a failure has occurred, to adhere to the applicable provisions of the contract, represents a failure in performance and therefore a breach which requires an administrative remedy by appropriate officials, and not a judicial barring of court-martial jurisdiction by this Court.

Appellant had available to him the writ of habeas corpus or appropriate administrative actions. *United States v. Dagley,* No. 77 1692 (N.C.M.R. 23 December 1977). He has no assumed right of self-help or power to disregard the obligations imposed upon him by his enlistment contract.

We reject the definition of voluntariness avowed by appellant which unconvincingly attempts to equate an unfilled contractual promise with the restraint of free will envisioned under *In re Grimley, supra.* Appellant may have been entitled to remedial action related to his somewhat brief service as a Marine artilleryman. That remedy is not obtainable from this Court.

We have examined the record of trial, the assignments of error, and the Government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings and sentence as approved on review below are affirmed.

Chief Judge CEDARBURG and Judge SANDERS concur.